IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORP., <br><br>*Plaintiff*, <br><br>v. <br><br>STINGRAY IP SOLUTIONS, LLC, <br><br>*Defendant*. | Civil Action No. _____ <br><br>JURY TRIAL DEMANDED <br><br>*Electronically Filed* |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Signify North America Corporation ("Plaintiff" or "Signify NoAC"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment against Stingray IP Solutions, LLC ("Defendant" or "Stingray") and hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and patent laws of the United States, 35 U.S.C. § 1, *et seq.*, seeking a declaratory judgment of noninfringement of United States Patent Nos. 6,958,986 ("the '986 Patent"); 6,961,310 ("the '310 Patent"); 7,027,426 ("the '426 Patent"); 7,082,117 ("the '117 Patent); 7,224,678 ("the '678 Patent); 7,440,572 ("the '572 Patent"); and 7,616,961 ("the '961 Patent), collectively (the "Patents-in-Suit").

**THE PARTIES**

2. Plaintiff Signify North America Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business at 200 Franklin Square Drive, Somerset, New Jersey 08873.

3. On information and belief, Defendant Stingray IP Solutions, LLC is a Texas limited liability corporation located at 6136 Frisco Sq. Blvd., Suite 400, Frisco, Texas 75034.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. This Court has personal jurisdiction over the parties. Defendant is subject to specific personal jurisdiction in this District at least because the claims in this Complaint arise out of and relate to Defendant's activities in New Jersey. For example, Defendant and/or its predecessor-in-interest has engaged in attempted licensing activities in this District, including correspondence directed to Signify NoAC, a corporation that maintains its principal place of business in this District, seeking licensing royalties for and alleging infringement of the Patents-in-Suit, and its attempted service of complaints on Signify NoAC through Signify NoAC's registered agent alleging infringement of the Patents-in-Suit by products sold by Signify NoAC. (Exs. C–D).

7. Given its connections to and activities in this District, the assertion of personal jurisdiction over Defendant is reasonable and fair and is within the limits of Constitutional due process. *See, e.g.*, *Trimble Inc. v. PerDiemCo LLC*, No. 2019-2164, 2021 U.S. App. LEXIS 13985, at *18-20 (Fed. Cir. May 12, 2021) (holding that the district court has specific personal jurisdiction over a defendant in a declaratory judgment action, filed by plaintiff in the state where it maintains its principal place of business, due to defendant's repeated allegations of patent infringement and threats of suit directed to plaintiff).

8. A substantial controversy of sufficient immediacy and reality exists between the parties to warrant the issuance of a declaratory judgment. Defendant has filed two complaints in

the United States District Court for the Eastern District of Texas against Signify N.V. alleging that products sold by Signify NoAC directly and indirectly infringe the Patents-in-Suit, and attempted service of that Complaint on Signify NoAC as alleged service upon Signify N.V. (Exs. A-B). Signify NoAC denies infringement of the claims of the Patents-in-Suit.

9. In view of the allegations of infringement communicated to Signify NoAC by Defendant and Defendant's predecessors-in-interest and in view of attempted service of the '43 Complaint and '44 Complaint upon Signify N.V. by sending a copy of the same to Signify NoAC, alleging that products sold by Signify NoAC infringe the Patents-in-Suit, Signify NoAC faces a reasonable apprehension of suit by Defendant.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant is subject to personal jurisdiction in this judicial district, and because a substantial part of the events giving rise to Signify NoAC's claims occurred in this District.

## FACTUAL BACKGROUND

### Allegations of Patent Infringement Against Signify N.V.

11. Beginning on or about October 1, 2019, former Philips Lighting (now Signify) in-house IP counsel David Barnes, as Managing Director of North Forty Consulting (acting as an agent for L3Harris, a prior assignee of the Patents-in-Suit), began to send alleged "evidence of use" charts to Signify N.V. alleging that Signify NoAC's products infringe certain of its patents, including, *inter alia*, the '986 Patent and the '572 Patent.

12. Since on or about January 21, 2020, Mr. Barnes began to solicit Signify NoAC to engage in discussions regarding L3Harris Technologies' IoT patent license program, alleging that Signify NoAC's products infringe certain of its patents, including, *inter alia*, the '986 Patent and the '572 Patent.

13. Continuing on or about April 9, 2020, Mr. Barnes further sent alleged "evidence of use" charts alleging that Signify NoAC's products infringe certain additional patents, including, *inter alia*, the '310 Patent and the '117 Patent.

14. The Patents-in-Suit were thereafter assigned to Acacia Research Group, and thereafter were assigned to Defendant.

15. On or about November 4, 2020, Eric Lucas of Acacia Research Group, acting on behalf of Acacia subsidiary Defendant Stingray, continued to contact Signify NoAC alleging that Signify NoAC's products infringe certain of its patents.

16. On February 8, 2021, Defendant filed two complaints for patent infringement in the United States District Court for the Eastern District of Texas. These complaints became Case Nos. 2:21-cv-00043 and 2:21-cv-00044. In Case No. 2:21-cv-00043, the complaint ("the '43 Complaint") alleges infringement by Signify N.V. of the '986 Patent, the '310 Patent, and the '426 Patent. (*See, e.g.*, Ex. A). In Case No. 2:21-cv-00044, the complaint ("the '44 Complaint) alleges infringement by Signify N.V. of the '117 Patent, the '678 Patent, the '572 Patent, and the '961 Patent. (*See, e.g.*, Ex. B).

17. In both the '43 Complaint and the '44 Complaint, Defendant names Signify N.V. ("Signify N.V.") as the sole defendant.

18. Signify N.V. is a corporation organized under the laws of the Netherlands and has its principal place of business in the Netherlands. Signify N.V. is a holding company and owns several operating companies that are involved in lighting technologies.

19. Personal jurisdiction is improper against Signify N.V. in the Eastern District of Texas.

20. On February 9, 2021, Defendant attempted service of the '43 Complaint and the '44 Complaint upon Signify North America Corporation, and did not serve Signify N.V., the named Defendant in the complaints. (Exs. C–D).

21. On May 31, 2021, Signify N.V. filed motions to dismiss the '43 Complaint and the '44 Complaint for lack of personal jurisdiction.

### Signify N.V. and Signify North America Corporation Are Distinct Entities

22. Signify NoAC and Signify N.V. are distinct and separate entities.

23. Signify NoAC is a corporation organized under the laws of Delaware and has a principal place of business in New Jersey.

24. Signify NoAC is an indirectly wholly-owned subsidiary of Signify N.V.

25. Signify N.V. does not manufacture any product in the United States or elsewhere to otherwise place products into the stream of commerce.

26. Signify NoAC offers and sells lighting systems in the United States, including products that are accused of infringement in the '43 Complaint and the '44 Complaint filed by Defendant.

27. Signify N.V. does not have operations in the United States or in the Eastern District of Texas sufficient to create personal jurisdiction.

28. Signify NoAC does have operations in the United States, such as its New Jersey headquarters.

29. Signify NoAC does not reside in the Eastern District of Texas and has no regular and established place of business in that district. Accordingly, Signify NoAC is not subject to venue in the Eastern District of Texas. *See* 28 U.S.C. § 1400(b).

30. Accordingly, any attempt to add Signify NoAC to the cases pending in the Eastern District of Texas would be futile.

31. Due to Defendant's allegations of infringement directed to Signify NoAC and its purported service of Signify NoAC with the '43 Complaint and the '44 Complaint, and because Signify NoAC is the entity that offers and sells the products accused of infringement in the Complaints, an actual and justiciable controversy exists between Signify NoAC and Defendant.

## FIRST CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,958,986

32. Signify incorporates herein by reference each and every allegation contained in paragraphs 1-31, above.

33. Defendant claims it is the assignee of the '986 Patent, entitled "Wireless Communication System with Enhanced Time Slot Allocation and Interference Avoidance/Mitigation Features and Related Methods." (Ex. A ¶ 37). A true and accurate copy of the '986 Patent is attached as Exhibit E.

34. In its '43 Complaint, Defendant alleges that Signify N.V. directly and indirectly infringes the '986 Patent. (Ex. A ¶ 39). Defendant served the '43 Complaint on Signify NoAC, which maintains its principal place of business in this District. (*See, e.g.*, Ex. C).

35. In its '43 Complaint, Defendant only provides allegations of infringement for Claim 25 of the '986 Patent. (*See, e.g.*, Ex. A ¶¶ 36-52).

36. Defendant alleges that the following products infringe Claim 25 of the '986 Patent: "Philips Lighting Smart Wi-Fi LED bulbs, WiZ bulbs (including bulbs, candle bulbs, Reflector & Globe bulbs, and filament bulbs), WiZ Smart Plugs, WiZ LED Strips, WiZ Motion Sensor, WiZmote, WiZ Smart Dimmer, BrightSite smart poles, Philips Hue Bridge, Philips Hue lighting (including bulbs, lightstrips, recessed lights, ceiling lights, spot lights, path lights, and pendant

lights), Philips Interact Pro Gateway, Philips CoreLine Downlight, Philips CoreLine Panel, Philips CoreLine Recessed, Philips CoreLine SlimDownlight, Philips CoreLine Surface- mounted, Philips CoreLine Waterproof, Philips MasterConnect LEDtub EM/Mains T8, Philips OCC Sensor IA CM IP42 WH, and Philips UID8450/10 ZGP Switch Dim 2B."  (*Id*. ¶ 43).

37. Signify does not practice, induce others to practice, or contribute to others practicing Claim 25 of the '986 Patent for at least the following reasons: Signify and/or its Accused Products do not perform a "communication method for a wireless communication network comprising a plurality of mobile nodes each comprising a data queue," do not "schedul[e] respective semi-permanent time slots to establish communication links between respective pairs of mobile nodes for transmitting data stored in the data queues therebetween," and/or do not "schedul[e] demand assigned time slots for establishing additional communication links between the pairs of mobile nodes for transmitting the data based upon the link utilization metrics" as claimed by Claim 25 of the '986 Patent.

38. An actual and justiciable controversy therefore exists between Signify and Defendant regarding whether Signify's products have infringed the '986 Patent.

39. Defendant's continued action and assertions against Signify have caused, and will continue to cause, irreparable harm to Signify.

40. A judicial declaration is necessary to determine the parties' respective rights regarding the '986 Patent.

41. Signify seeks a judgment declaring that Signify does not directly or indirectly infringe the '986 Patent, either literally or under the doctrine of equivalents.

**SECOND CAUSE OF ACTION**
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,961,310**

42. Signify incorporates herein by reference each and every allegation contained in paragraphs 1-41, above.

43. Defendant claims it is the assignee of the '310 Patent, entitled "Multiple Path Reactive Routing In A Mobile Ad Hoc Network." (Ex. A ¶ 54). A true and accurate copy of the '310 Patent is attached as Exhibit F.

44. In its '43 Complaint, Defendant alleges that Signify N.V. directly and indirectly infringes the '310 Patent. (Ex. A ¶ 56). Defendant served the '43 Complaint on Signify NoAC, which maintains its principal place of business in this District. (*See, e.g.*, Ex. C).

45. In its '43 Complaint, Defendant only provides allegations of infringement for Claim 13 of the '310 Patent. (*See, e.g.*, Ex. A ¶¶ 53-69).

46. Defendant alleges that the following products infringe Claim 13 of the '310 Patent: "Philips Hue Bridge, Philips Hue lighting (including bulbs, lightstrips, recessed lights, ceiling lights, spot lights, path lights, and pendant lights), Philips Interact Pro Gateway, Philips CoreLine Downlight, Philips CoreLine Panel, Philips CoreLine Recessed, Philips CoreLine SlimDownlight, Philips CoreLine Surface-mounted, Philips CoreLine Waterproof, Philips MasterConnect LEDtub EM/Mains T8, Philips OCC Sensor IA CM IP42 WH, and Philips UID8450/10 ZGP Switch Dim 2B." (*Id.* ¶ 60).

47. Signify does not practice, induce others to practice, or contribute to others practicing Claim 13 of the '310 Patent for at least the following reasons: Signify and/or the Accused Products do not perform a "method for routing message data from a source node to a destination node in a mobile ad hoc network comprising a plurality of intermediate mobile nodes between the source node and the destination node, and a plurality of wireless communication links connecting the nodes together," do not "at the source node, rank[] discovered routes according to

at least one link metric," and/or do not "at the source node, simultaneously distribut[e] the message data to the destination node along a plurality of the discovered routes based upon the ranking" as claimed by Claim 13 of the '310 Patent.

48. An actual and justiciable controversy therefore exists between Signify and Defendant regarding whether Signify's products have infringed the '310 Patent.

49. Defendant's continued action and assertions against Signify have caused, and will continue to cause, irreparable harm to Signify.

50. A judicial declaration is necessary to determine the parties' respective rights regarding the '310 Patent.

51. Signify seeks a judgment declaring that Signify does not directly or indirectly infringe the '310 Patent, either literally or under the doctrine of equivalents.

### THIRD CAUSE OF ACTION
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,027,426**

52. Signify incorporates herein by reference each and every allegation contained in paragraphs 1-51, above.

53. Defendant claims it is the assignee of the '426 Patent, entitled "Multi-Channel Mobile Ad Hoc Network." (Ex. A ¶ 71). A true and accurate copy of the '426 Patent is attached as Exhibit G.

54. In its '43 Complaint, Defendant alleges that Signify N.V. directly and indirectly infringes the '426 Patent. (Ex. A ¶ 73). Defendant served the '43 Complaint on Signify NoAC, which maintains its principal place of business in this District. (*See, e.g.*, Ex. C).

55. In its '43 Complaint, Defendant only provides allegations of infringement for Claim 8 of the '426 Patent. (*See, e.g.*, Ex. A ¶¶ 70-85).

56. Defendant alleges that the following products infringe Claim 8 of the '426 Patent: "Philips Hue Bridge, Philips Hue lighting (including bulbs, lightstrips, recessed lights, ceiling lights, spot lights, path lights, and pendant lights), Philips Interact Pro Gateway, Philips CoreLine Downlight, Philips CoreLine Panel, Philips CoreLine Recessed, Philips CoreLine SlimDownlight, Philips CoreLine Surface-mounted, Philips CoreLine Waterproof, Philips MasterConnect LEDtub EM/Mains T8, Philips OCC Sensor IA CM IP42 WH, and Philips UID8450/10 ZGP Switch Dim 2B." (*Id.* ¶ 77).

57. Signify does not practice, induce others to practice, or contribute to others practicing Claim 8 of the '426 Patent for at least the following reasons: Signify and/or the Accused Products do not perform a "method for operating a mobile ad hoc network comprising a plurality of wireless mobile nodes and a plurality of wireless communication links connecting the plurality of nodes together over a plurality of electrically separate wireless channels" and/or do not "at a source node, send[] a route request over each of the plurality of electrically separate channels to discover routing to a destination node," as claimed by Claim 8 of the '426 Patent.

58. An actual and justiciable controversy therefore exists between Signify and Defendant regarding whether Signify's products have infringed the '426 Patent.

59. Defendant's continued action and assertions against Signify have caused, and will continue to cause, irreparable harm to Signify.

60. A judicial declaration is necessary to determine the parties' respective rights regarding the '426 Patent.

61. Signify seeks a judgment declaring that Signify does not directly or indirectly infringe the '426 Patent, either literally or under the doctrine of equivalents.

**FOURTH CAUSE OF ACTION**
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,082,117**

62. Signify incorporates herein by reference each and every allegation contained in paragraphs 1-61, above.

63. Defendant claims it is the assignee of the '117 Patent, entitled "Mobile Ad-Hoc Network with Intrusion Detection Features and Related Methods." (Ex. B ¶ 38). A true and accurate copy of the '117 Patent is attached as Exhibit H.

64. In its '44 Complaint, Defendant alleges that Signify N.V. directly and indirectly infringes the '117 Patent. (Ex. B ¶ 40). Defendant served the '44 Complaint on Signify NoAC, which maintains its principal place of business in this District. (*See, e.g.*, Ex. D).

65. In its '44 Complaint, Defendant only provides allegations of infringement for Claim 24 of the '117 Patent. (*See, e.g.*, Ex. B ¶¶ 37-53).

66. Defendants allege the following products infringe Claim 24 of the '117 Patent: "Philips Hue Bridge, Philips Hue lighting (including bulbs, lightstrips, recessed lights, ceiling lights, spot lights, path lights, and pendant lights), Philips Interact Pro Gateway, Philips CoreLine Downlight, Philips CoreLine Panel, Philips CoreLine Recessed, Philips CoreLine SlimDownlight, Philips CoreLine Surface-mounted, Philips CoreLine Waterproof, Philips MasterConnect LEDtub EM/Mains T8, Philips OCC Sensor IA CM IP42 WH, and Philips UID8450/10 ZGP Switch Dim 2B." (*Id.* ¶ 44).

67. Signify does not practice, induce others to practice, or contribute to others practicing Claim 24 of the '117 Patent for at least the following reasons: the Accused Products do not comprise a "mobile ad-hoc network (MANET)," "a plurality of nodes for transmitting data therebetween, said plurality of nodes intermittently operating in a contention-free mode during contention-free periods (CFPs) and in a contention mode outside CFPs," and/or "a policing node for detecting intrusions into the MANET by monitoring transmissions among said plurality of

11

nodes to detect contention-free mode operation outside of a CFP; and generating an intrusion alert based upon detecting contention-free mode operation outside a CFP" as claimed by Claim 24 of the '117 Patent.

68. An actual and justiciable controversy therefore exists between Signify and Defendant regarding whether Signify's products have infringed the '117 Patent.

69. Defendant's continued action and assertions against Signify have caused, and will continue to cause, irreparable harm to Signify.

70. A judicial declaration is necessary to determine the parties' respective rights regarding the '117 Patent.

71. Signify seeks a judgment declaring that Signify does not directly or indirectly infringe the '117 Patent, either literally or under the doctrine of equivalents.

### FIFTH CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,224,678

72. Signify incorporates herein by reference each and every allegation contained in paragraphs 1-71, above.

73. Defendant claims it is the assignee of the '678 Patent, entitled "Wireless Local or Metropolitan Area Network with Intrusion Detection Features and Related Methods." (Ex. B ¶ 55). A true and accurate copy of the '678 Patent is attached as Exhibit I.

74. In its '44 Complaint, Defendant alleges that Signify N.V. directly and indirectly infringes the '678 Patent. (Ex. B ¶ 57). Defendant served the '44 Complaint on Signify NoAC, which maintains its principal place of business in this District. (*See, e.g.*, Ex. D).

75. In its '44 Complaint, Defendant only provides allegations of infringement for Claim 51 of the '678 Patent. (*See, e.g.*, Ex. B ¶¶ 54-69).

76. Defendants allege the following products infringe Claim 51 of the '678 Patent: "Philips Lighting Smart Wi-Fi LED bulbs, WiZ bulbs (including bulbs, candle bulbs, Reflector & Globe bulbs, and filament bulbs), WiZ Smart Plugs, WiZ LED Strips, WiZ Motion Sensor, WiZmote, WiZ Smart Dimmer, and BrightSite smart poles." (*Id.* ¶ 61).

77. Signify does not practice, induce others to practice, or contribute to others practicing Claim 51 of the '678 Patent for at least the following reasons: Signify and/or the Accused Products do not perform an "intrusion detection method for a wireless local or metropolitan area network comprising a plurality of stations," do not "monitor[] transmissions among the plurality of stations to detect failed attempts to authenticate MAC addresses" and/or do not "generat[e] an intrusion alert based upon detecting a number of failed attempts to authenticate a MAC address" as claimed by Claim 51 of the '678 Patent.

78. An actual and justiciable controversy therefore exists between Signify and Defendant regarding whether Signify's products have infringed the '678 Patent.

79. Defendant's continued action and assertions against Signify have caused, and will continue to cause, irreparable harm to Signify.

80. A judicial declaration is necessary to determine the parties' respective rights regarding the '678 Patent.

81. Signify seeks a judgment declaring that Signify does not directly or indirectly infringe the '678 Patent, either literally or under the doctrine of equivalents.

## SIXTH CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,440,572

82. Signify incorporates herein by reference each and every allegation contained in paragraphs 1-81, above.

83. Defendant claims it is the assignee of the '572 Patent, entitled "Secure Wireless LAN Device and Associated Methods." (Ex. B ¶ 71). A true and accurate copy of the '572 Patent is attached as Exhibit J.

84. In its '44 Complaint, Defendant alleges that Signify N.V. directly and indirectly infringes the '572 Patent. (Ex. B ¶ 73). Defendant served the '44 Complaint on Signify NoAC, which maintains its principal place of business in this District. (*See, e.g.*, Ex. D).

85. In its '44 Complaint, Defendant only provides allegations of infringement for Claim 1 of the '572 Patent. (*See, e.g.*, Ex. B ¶¶ 70-85).

86. Defendants allege the following products infringe Claim 1 of the '572 Patent: "Philips Lighting Smart Wi-Fi LED bulbs, WiZ bulbs (including bulbs, candle bulbs, Reflector & Globe bulbs, and filament bulbs), WiZ Smart Plugs, WiZ LED Strips, WiZ Motion Sensor, WiZmote, WiZ Smart Dimmer, and BrightSite smart poles." (*Id.* ¶ 77).

87. Signify does not practice, induce others to practice, or contribute to others practicing Claim 1 of the '572 Patent for at least the following reasons: the Accused Products do not comprise a "secure wireless local area network (LAN)" or "a cryptography circuit carried by said housing and connected to said MAC and said wireless transceiver for encrypting both address and data information for transmission by at least adding a plurality of encrypting bits to both the address and the data information, and for decrypting both the address and the data information upon reception" as claimed by Claim 1 of the '572 Patent.

88. An actual and justiciable controversy therefore exists between Signify and Defendant regarding whether Signify's products have infringed the '572 Patent.

89. Defendant's continued action and assertions against Signify have caused, and will continue to cause, irreparable harm to Signify.

90. A judicial declaration is necessary to determine the parties' respective rights regarding the '572 Patent.

91. Signify seeks a judgment declaring that Signify does not directly or indirectly infringe the '572 Patent, either literally or under the doctrine of equivalents.

## SEVENTH CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,616,961

92. Signify incorporates herein by reference each and every allegation contained in paragraphs 1-91, above.

93. Defendant claims it is the assignee of the '961 Patent, entitled "Allocating Channels In a Mobile Ad Hoc Network." (Ex. B ¶ 87). A true and accurate copy of the '961 Patent is attached as Exhibit K.

94. In its '44 Complaint, Defendant alleges that Signify N.V. directly and indirectly infringes the '961 Patent. (Ex. B ¶ 89). Defendant served the '44 Complaint on Signify NoAC, which maintains its principal place of business in this District. (*See, e.g.*, Ex. D).

95. In its '44 Complaint, Defendant only provides allegations of infringement for Claim 24 of the '961 Patent. (*See, e.g.*, Ex. B ¶¶ 86-102).

96. Defendants allege the following products infringe Claim 24 of the '961 Patent: "Philips Hue Bridge, Philips Hue lighting (including bulbs, lightstrips, recessed lights, ceiling lights, spot lights, path lights, and pendant lights), Philips Interact Pro Gateway, Philips CoreLine Downlight, Philips CoreLine Panel, Philips CoreLine Recessed, Philips CoreLine SlimDownlight, Philips CoreLine Surface-mounted, Philips CoreLine Waterproof, Philips MasterConnect LEDtub EM/Mains T8, Philips OCC Sensor IA CM IP42 WH, and Philips UID8450/10 ZGP Switch Dim 2B." (*Id.* ¶ 93).

97. Signify does not practice, induce others to practice, or contribute to others practicing Claim 24 of the '961 Patent for at least the following reasons: Signify and/or the Accused Products do not perform a "method for dynamic channel allocation in a mobile ad hoc network comprising a plurality of wireless mobile nodes and a plurality of wireless communication links connecting the plurality of wireless mobile nodes together over a plurality of separate channels at different frequencies," do not "at each node, monitor[] link performance on a first channel, link performance being based upon at least one quality of service (QoS) threshold," do not "at each node, scout one or more other available separate channels at different frequencies when the monitored link performance on the first channel falls below the QoS threshold by at least switching to a second separate channel at a different frequency, broadcasting a channel activity query to determine link performance for the second separate channel, and processing replies to the channel activity query to determine the link performance for the second separate channel," and/or do not "at each node, updating respective channel activity for the first and second separate channels at different frequencies based upon the processed replies" as claimed by Claim 24 of the '961 Patent.

98. An actual and justiciable controversy therefore exists between Signify and Defendant regarding whether Signify's products have infringed the '961 Patent.

99. Defendant's continued action and assertions against Signify have caused, and will continue to cause, irreparable harm to Signify.

100. A judicial declaration is necessary to determine the parties' respective rights regarding the '961 Patent.

101. Signify seeks a judgment declaring that Signify does not directly or indirectly infringe the '961 Patent, either literally or under the doctrine of equivalents.

**PRAYER FOR RELEIF**

WHEREFORE, Signify prays for judgment as follows:

A. Declaring that Signify does not directly or indirectly infringe any claim of the '986 Patent, either literally or under the doctrine of equivalents;

B. Declaring that Signify does not directly or indirectly infringe any claim of the '310 Patent, either literally or under the doctrine of equivalents;

C. Declaring that Signify does not directly or indirectly infringe any claim of the '426 Patent, either literally or under the doctrine of equivalents;

D. Declaring that Signify does not directly or indirectly infringe any claim of the '117 Patent, either literally or under the doctrine of equivalents;

E. Declaring that Signify does not directly or indirectly infringe any claim of the '678 Patent, either literally or under the doctrine of equivalents;

F. Declaring that Signify does not directly or indirectly infringe any claim of the '572 Patent, either literally or under the doctrine of equivalents;

G. Declaring that Signify does not directly or indirectly infringe any claim of the '961 Patent, either literally or under the doctrine of equivalents;

H. Declaring that judgment be entered in favor of Signify, and against Defendant on Signify's claims;

I. Order that this case is "exceptional" pursuant to 35 U.S.C. § 285 entitling Signify to an award of its reasonable and necessary attorneys' fees, expenses, and costs, and pre-judgment interest thereon;

J. Order awarding Signify its cost of suit incurred in this action; and

K. Granting to Signify such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38.1, Signify demands a jury trial on all issues and claims so triable.

Dated: May 31, 2021								Respectfully submitted,

 s/ *Wade G. Perrin*
Wade G. Perrin (NJ Bar No. 090802013)
**Alston & Bird LLP**
90 Park Avenue; 15th Floor
New York, New York 10016-1387
Telephone: (212) 210-9400
Fax: (212) 210-9444
Wade.Perrin@alston.com

*Counsel for Plaintiff, Signify North America Corp.*